UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**DARRELL JAMES DeBREW,**

    **Plaintiff,**

    v.

**Mr. ATWOOD,** *et al.***,**

    **Defendants.**

Civil Action No. 10-0650 (JDB)

### MEMORANDUM OPINION

This matter is before the Court on Defendants' Motion to Reconsider the Court's April 27, 2010 Order Granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Plaintiff's Response to Preserve *In Forma Pauperis* Status. For the reasons discussed below, defendants' motion will be granted.

### BACKGROUND

Plaintiff purports to bring a class action suit against the Federal Bureau of Prisons ("BOP") and certain of its officials in their individual capacities alleging violations of rights protected under the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. *See generally* Compl. ¶¶ 37-56. He also brings a claim under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, with respect to his request for information pertaining to the DNA Act.[1] *See* Compl. ¶¶ 13-36. Among other relief, plaintiff demands a

---

[1] Plaintiff presumably is referring to the DNA Analysis Backlog Elimination Act of
(continued...)

declaratory judgment, injunctive relief, and damages totalling $10 billion.

DISCUSSION

Defendants move for reconsideration of the April 27, 2010 Order granting plaintiff's request for leave to proceed *in forma pauperis*. *See* Defendants' Motion to Reconsider the Court's April 27, 2010 Order Granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("Defs.' Mot. to Recons.") at 1. They argue that plaintiff has accumulated "three strikes" under the Prison Litigation Reform Act ("PLRA"), and is no longer eligible to proceed *in forma pauperis*. *See generally id.* at 2-5.

In relevant part, the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This section is referred to as the 'three strikes' rule." *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006) (citing *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. Cir. 2000)).

Plaintiff is a prisoner to whom the PLRA applies. *See* 28 U.S.C. § 1915A(c) (defining a prisoner as "any person incarcerated . . . in any facility who is . . . convicted of . . . violations of criminal law"); *United States v. DeBrew*, 39 F.3d 1178 (4th Cir. 1994) (per curiam) (affirming

---

[1](...continued)
2000, which authorizes the collection of "DNA samples from individuals who are arrested, facing charges, or convicted or from non-United States persons who are detained under the authority of the United States." 42 U.S.C. § 14135a(a)(1)(A).

plaintiff's conviction for possession with intent to distribute crack cocaine in violation of 21 U.S.C.A. § 841(a)(1)).

Defendants demonstrate that plaintiff has accumulated three "strikes" for purposes of the PLRA. Defs.' Mot. to Recons., Ex. A-C; *see DeBrew v. E\*Trade Sec., Inc.*, No. S-01-0445 (E.D. Cal. Sept. 23, 2002) (adopting in full the Magistrate Report and Recommendation to dismiss with prejudice plaintiff's claims under 42 U.S.C. §§ 1981, 1983, and 1985(3) and the Fifth and Fourteenth Amendments to the United States Constitution for failure to state a claim upon which relief can be granted); *DeBrew v. TD Waterhouse Investor Servs., Inc.*, No. 01-5720 (S.D.N.Y. June 22, 2001) (dismissing complaint alleging claims under 42 U.S.C. §§ 1981, 1985(3), 2000a(a), 2000a(b) and 2000(a)-1, and the Fourteenth Amendment to the United States Constitution under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted); *DeBrew v. Scottrade Fin. Servs. Inc.*, No. 4:01-cv-0270 (E.D. Mo. Apr. 19, 2001) (dismissing the complaint under 28 U.S.C. § 1915(e)(2)(B) as legally frivolous or for failure to state a claim or both).

Plaintiff neither contests the accumulation of strikes nor attempts to qualify under the "imminent danger" exception. Rather, he contends that the PLRA "was designed specifically and only for civil actions pertaining to prison conditions." Plaintiff's Response to Preserve *In Forma Pauperis* Status at 2. He argues that the PLRA's "legislative history reveals Congressional Intent and purpose of curtailing prison litigation against prisons, not curtailing lawsuits filed by prisoners dealing with other legal matters." *Id.* at 4. Because his lawsuits were filed against brokerage firms alleging discrimination because their "policies . . . preclude incarcerated individuals from opening brokerage accounts," *id.* at 1, they "are outside the

purpose of the PLRA and/or outside the ambit of 1915(g))," *id.* at 9.

Without question, a principal purpose of the PLRA is "to reduce frivolous litigation by prisoners challenging conditions of their confinement." *Blair-Bey v. Quick*, 151 F.3d 1036, 1040 (D.C. Cir. 1998). But the PLRA "limits courts' discretion to grant [*in forma pauperis*] status to prisoners with a track record of frivolous litigation." *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 431 (D.C. Cir. 2007). And the plain language of § 1915(g) does not restrict its application based on the subject matter of a prisoner's lawsuit. Plaintiff cannot evade the effect of the "three strikes" rule, then, simply because his prior lawsuits pertained to brokerage accounts rather than prison conditions.

## CONCLUSION

The Court concludes that plaintiff has accumulated three strikes for purposes of the PLRA. Further, plaintiff is not otherwise eligible to proceed *in forma pauperis* because he fails to show that he is under imminent danger of serious physical injury. Defendants' motion will be granted, and the Court will stay proceedings during which time plaintiff must pay the filing fee in full. The Court will defer consideration of plaintiff's pending Motion for Injunction, Class Action Status, and Appointment of Counsel [Dkt. #4].

An Order accompanies this Memorandum Opinion.

DATE: December 6, 2010

/s/
JOHN D. BATES
United States District Judge