**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                        )
DARRELL JAMES DEBREW,                )
                                                        )
                        Plaintiff,                       )
                                                        )
            v.                                          )          Civil Action No. 10-0650 (JDB)
                                                        )
MICHAEL ATWOOD, *et al.*,              )
                                                        )
                        Defendants.                  )
_____ )

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on Defendants' Renewed Motion for Summary Judgment [Dkt. #50].[1]  Based on the Court's review of the motion, plaintiff's opposition and defendants' reply, the motion will be granted.

## I.  BACKGROUND

The sole issue remaining for resolution in this case pertains to plaintiff's request to the Federal Bureau of Prisons ("BOP") under the Freedom of Information Act ("FOIA"), 5 U.S.C.

---

[1]        Also before the Court are plaintiff's Motion for Reconsideration [Dkt. #46] under Rule 59(e) of the Federal Rules of Civil Procedure and his New Request for Summary Judgment [Dkt. #53].  "A Rule 59(e) motion 'is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest  injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks and citation omitted).  Plaintiff demonstrates none of these circumstances, and his Motion for Reconsideration will be denied.  Plaintiff's purported summary judgment motion fails to comply in format and substance to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 7(h).  It, too, will be denied.

§ 552, for "documentation concerning making Conducting a Business (408) a prohibited act." [2]

Compl. at 6.  This Court previously observed that BOP did not "offer[]a description of either the

agency's interpretation of the request or the method by which staff conducted the search," and

hence the Court could not conclude "that the BOP's search was reasonable under the

circumstances." *DeBrew v. Atwood*, 847 F. Supp. 2d 95, 102 (D.D.C. 2012).  BOP has renewed

its motion for summary judgment arguing that "there can be no genuine dispute that [it]

reasonably interpreted [p]laintiff's FOIA request, conducted an adequate search of its records

based on that reasonable inperpretation, and provided responsive records to the [p]laintiff."

Mem. of P. & A. in Supp. of Defs.' Renewed Mot. for Summ. J. [Dkt. #50] ("Defs.' Renewed

Mem.") at 1.

## II.  DISCUSSION

### A.  *Summary Judgment in a FOIA Case*

"FOIA cases typically and appropriately are decided on motions for summary judgment."

*Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009).  In a FOIA

action to compel production of agency records, the agency "is entitled to summary judgment if

no material facts are in dispute and if it demonstrates 'that each document that falls within the

class requested either has been produced . . . or is wholly exempt from the [FOIA's] inspection

requirements.'"  *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001)

(quoting *Goland v. Cent. Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978)).  Summary

---

[2]    Code 408 is a reference to particular conduct -- conducting a business -- for which an inmate can be disciplined.  *See* 28 C.F.R. § 541.3 (Table 1 – Prohibited Acts and Available Sanctions).  "[T]he prohibited act code for 'Conducting a Business' was changed to 334 in the most recent Final Rule, published on December 8, 2010, and made effective on June 6, 2011." Defs.' Opp'n to Pl.'s Mot. for Summ. J. and Reply to Pl.'s Opp'n to Defs.' Renewed Mot. for Summ. J., Third Moorer Decl. ¶ 7.

judgment may be based solely on information provided in an agency's supporting affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see Beltranena v. Clinton*, 770 F. Supp. 2d 175, 182 (D.D.C. 2011).

To satisfy its burden on summary judgment to show that no genuine issue of material fact exists, the agency must show that it "has conducted a search reasonably calculated to uncover all relevant documents." *Elliot v. U.S. Dep't of Agric.*, 596 F.3d 842, 851 (D.C. Cir. 2010) (quoting *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)); *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) ("An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990))).  The agency may submit affidavits or declarations that explain in reasonable detail the scope and method of its search.  *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982).  In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA.  *Id*. at 127.  On the other hand, if the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt*, 897 F.2d at 542; *see also Valencia-Lucena*, 180 F.3d at 326.

*B.  BOP's Interpretation of Plaintiff's FOIA Request*

"On June 5, 2006[,] Plaintiff was found guilty of violating BOP's Code 408 (Conducting a Business) and [was] ordered to remove his Web-Page from the World Wide Web and not to use the mail in regards to his books and manuscripts."  Compl. at 9.  "Again on April 21, 2009[,] Plaintiff was found guilty [of the same offense because he received] a Royalty Check . . . for a book entitled *Keisha*."  *Id.*  In the interim, on September 5, 2007, plaintiff submitted a one-sentence FOIA request to the BOP for "[a]ll documentation for making Conducting a Business (408) a prohibited act."  Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss or in the Alternative for Summ. J. [Dkt. #31] ("Defs.' Mem."), Ex. B (First Moorer Decl. dated October 15, 2010), Ex. 5 (Freedom of Information/Privacy Act Request dated September 5, 2007); *see* Compl. at 6. BOP interpreted the request as one seeking a copy of Program Statement 5270.07, Inmate Discipline and Special Housing Units:

> The interpretation of the request was based on the plain language of the request seeking documentation that makes conducting a business a prohibited act.  For any inmate action to be made into a prohibited act, . . . BOP must put the inmate on notice.  That notice was done through Program Statement 5270.08.  So, that Program Statement is what made conducting a business a prohibited act and was thus considered responsive to [p]laintiff's FOIA request.

Defs.' Renewed Mem., Ex. A (Second Moorer Decl. dated June 8, 2012) ¶ 3.[3]  BOP released a copy of Program Statement 5270.07 to plaintiff on or about October 25, 2007.  *See* Compl. at 6; Defs.' Mem., First Moorer Decl., Ex. 6 (Letter to plaintiff from Wanda M. Hunt, Chief, FOIA/PA Section, BOP) at 1.

---

[3]      It appears that the relevant program statement has been updated twice since plaintiff submitted his FOIA request.  The current version, Program Statement 5270.09, Inmate Discipline Program, was issued on July 8, 2011 and became effective on August 1, 2011.  *See* http://www.bop.gov/policy/progstat/5270_009.pdf.

BOP's declarant explained "that one might reasonably conclude that the [p]laintiff only wanted a copy of the Program Statement." Defs.' Renewed Mem., Second Moorer Decl. ¶ 6. By the declarant's own admission, however, the request is susceptible to alternative interpretations:

> Certainly, the word "All" could also lend itself to a very much broader interpretation. However, this broadness also creates vagueness since "All" could mean documents that were created related to the implementation of the program statement. However, it would equally include any documents related to making and conducting a business. Thus it could equally mean any and all documents by the BOP that somehow mention[] and/or deal[] with the making or conducting [of] a business.

*Id.*, Second Moorer Decl. ¶ 6.

Plaintiff objected to BOP's narrow interpretation of his request and remarked that "[n]o documents as to how Code 408 came into existence were provided." Compl. at 7. He argued that "[b]efore 'Conducting a Business (408)' became a prohibited act there must have been some decision making," and this process "would be reflected on some paperwork (documentation)." Pl.'s Mot. for Summ. J. and Resp. to Defs.' Mot. for Summ. J. & Dismissal [Dkt. #34] at 38. "The words 'All' and 'making,'" he explained, "by definition define a broad request, [as] broad as possible. Yet, defendants took the narrowest definition." Pl.'s Resp. to Defs.' Renewed Mot. for Summ. J. [Dkt. #52] ("Pl.'s Opp'n") ¶ 5. He could have found a copy of the relevant Program Statement at the facility's law library, and he saw "no reason to request and litigate for what's easily accessible." *Id.* ¶ 4. "[D]ocuments are created when an agency makes a rule or regulation; as such, documents were created for Code (408). [Plaintiff] seeks these documents." *Id.* ¶ 7.

5

### C. The BOP's Subsequent Searches for Responsive Records

In spite of what BOP characterizes as plaintiff's "*post hoc* statement that he was actually seeking documents relevant to the decision making process resulting in the program statement that he received," Defs.' Renewed Mem. at 4, BOP "reconsider[ed] the scope of its search for records, notwithstanding [its] belie[f] that its original interpretation of the FOIA request was appropriate and the search for responsive documents was consistent with that interpretation." Defs.' Opp'n to Pl.'s Mot. for Summ. J. and Reply to Pl.'s Opp'n to Defs.' Renewed Mot. for Summ. J. [Dkt. #56], Ex. A (Third Moorer Decl. dated August 17, 2012) ¶ 4.

"The request for records was submitted to the Correctional Programs Division because this division is . . . responsible for making and enforcing the rules, regulations, and disciplinary codes of the BOP." *Id.*, Third Moorer Decl. ¶ 6. The Chief Disciplinary Hearing Officer was assigned the matter because she is a subject matter expert for inmate discipline and is considered "the one person in the Correctional Programs Division, Correctional Services Branch, who could conduct a reasonable and adequate search for documentation related to conducting a business, Code 408." *Id.* Her search yielded no additional records, however. "The only documentation regarding [plaintiff's] request for records that was found to be responsive was the program statement on Inmate Discipline," a copy of which had been released to plaintiff in October 2007. *Id.*

In addition, plaintiff's request was sent to BOP's Office of General Counsel, Legislative and Correctional Issues Branch ("LCI"), and assigned to the Rules Administrator, described by the declarant as the person "solely responsible for the guidance of any proposed BOP rules and/or rules changes." *Id.*, Third Moorer Decl. ¶ 7. The only LCI documents deemed

"responsive to [plaintiff's] request are those that were publicly available in the Federal Register."
*Id.*  Because these records already are publicly available, pursuant to 5 U.S.C. § 552(a)(3), the
BOP did not release them.  *Id.* ¶ 8.

On review of BOP's renewed motion, supporting declarations, and the record of this case,
the Court concludes that the agency's searches for records responsive to plaintiff's request for
information about Code 408 were reasonable under the circumstances.  The fact that none of its
searches yielded responsive records does not alter this result.  Here, BOP "establish[es] that [its
staff] located no records . . . after a reasonable search using 'methods reasonably expected to
produce the information requested.'"  *Davidson v. Envtl. Prot. Agency*, 121 F. Supp. 2d 38, 39
(D.D.C. 2000) (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).

## III.  CONCLUSION

BOP has demonstrated that no genuine issue of material fact remains as to its compliance
with the FOIA and that it is entitled to judgment as a matter of law.  Its renewed motion for
summary judgment will be granted.  Plaintiff's Motion for Reconsideration [Dkt. #46] and his
New Request for Summary Judgment [Dkt. #53] will be denied.  An Order accompanies this
Memorandum Opinion.


DATE: August 31, 2012                         /s/_____
                                              JOHN D. BATES
                                              United States District Judge